Ruffin, C. J.
The bill must be dismissed : for upon its face it cannot be sustained. It says, indeed, that the deeds were never delivered, and therefore that they never were complete. But the bill itself states facts, which amount to delivery. It states, that the father executed the deeds by signing and sealing, had them attested and caused them to be registered — which, of course, includes an acknowledgment of them, or a probate of them, at his instance. That brings the case literally within Snider v. Lachenour, 2 Ired. Eq. 360, as to the delivery. The subsequent loss or destruction of them, did not affect their operation, so as to vest the slaves again in the father, and enable Currie to take them as his administrator. Then, as to the other point, that the deeds were not intended to operate betweeu the pai-ties, but only to hinder creditors, it is only necessary to say, that the act avoids such deeds only in favour of creditors, and makes them effectual as against the party, and those claiming under him ; and it is well' settled that Equity will not interfere with the operation of the statute, at the instance of either party to a fraudulent conveyance. The plaintiffs are therefore entitled to the negro Louisa, and also the plaintiff A. W. Ellington, as administrator, is entitled to the slave Clem, conveyed to his intestate ; but they may be recovered at law, if Currie will not give them up, and there is no trust or other ground for a decree in respect of them in this Court.
Per Curiam.
Bill dismissed with costs,